| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | | REQUEST FOR PAYMENT OF<br>ADMINISTRATIVE EXPENSE |
|---|---|---|
| In re:<br>Lerner New York, Inc.,<br>                Debtor. | Chapter 11<br>Case Number: 20-18448 (JKS) | |

**NOTE:** This form should not be used for an unsecured claim arising prior to the commencement of the case. In such instances, a proof of claim should be filed.

| Name of Creditor: Cedot Realty Corp.<br><br>Name and Addresses Where Notices Should Be Sent:<br>Cedot Realty Corp.      Cedot Realty Corp.<br>c/o Rosen & Associates, P.C.  c/o Rosedale Mngmt.<br>4609 Bedford Blvd.       21 W. 38th St., 8th Floor<br>Wilmington, DE 19803    New York, NY 10018<br>Attn: Christine McCabe Dehney  Attn: Elizabeth Crane<br>**and See Attached.** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☒ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR: | Check here if this request:<br>☐ replaces a previously filed request, dated:<br>☐ amends a previously filed request, dated: | |

**1. BASIS FOR CLAIM**

☐ Goods Sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (Lease)

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries and compensations (Fill out below)

Provide last four digits of your social security number _____

**2. DATE DEBT WAS INCURRED:** : See Attached.

**3. TOTAL AMOUNT OF REQUEST AS OF ABOVE DATE:** Not less than $79,884.00. See Attached.

☒ Check this box if the request includes interest or other charges in addition to the principal amount of the request. Attach itemized statement of all interest or additional charges.

**4. Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:

☐ Real Estate    ☐ Motor Vehicle
☐ Other (Describe briefly) _____

Value of Collateral: $_____

☒ Check this box if there is no collateral or lien securing your claim.

**5. Credits:** The amount of all payments have been credited and deducted for the purposes of making this request for payment of administrative expenses.

**6. Supporting Documents:** *Attach copies of supporting documents*, such as purchase orders, invoices, itemized statements of running accounts, contracts as well as any evidence of perfection of a lien.

    DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain.
    If the documents are voluminous, attach a summary.

**7. Date-Stamped Copy:** To receive an acknowledgment of the filing of your request, enclose a self-addressed envelope and copy of this request.

THIS SPACE IS FOR COURT USE ONLY

| Date:<br><br>December 23, 2020 | Sign and print below the name and title, if any, of the creditor or other person authorized to file this request (attach copy of power of attorney, if any).<br><br>_/s/ Barry Aronowsky_<br>Barry Aronowsky, President, Cedot Realty Corp. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NOTE: The filing of this request will not result in the scheduling of a hearing to consider payment of your administrative claim but will result in the registry of your administrative claim with the Bankruptcy Court. If you wish to have a hearing scheduled on your claim, you must file a motion in accordance with D.N.J. LBR 3001-1(b).

*rev.8/1/15*

# ADDENDUM TO REQUEST FOR PAYMENT OF
# ADMINISTRATIVE EXPENSE OF CEDOT REALTY CORP.

## I.     PRELIMINARY STATEMENT

1. This addendum (the "**Addendum**")[1] is intended to be attached to, incorporated into and made a part of, by this reference thereto, the Request for Payment of Administrative Expense in Accordance with D.N.J. LBR 3001-1 form being filed by and on behalf of Cedot Realty Corp. ("**Cedot**" or the "**Landlord**") together and simultaneously with this Addendum (together, the "**Administrative Claim**").

2. On or about November 3, 2020, Cedot timely filed its proof of claim, which has been assigned claim number 1116 on the claims register maintained by the Debtors' claims agent, Prime Clerk LLC (the "**Proof of Claim**"). In the Proof of Claim, in addition to the general unsecured claims asserted therein, Cedot identified the amounts to which it believed it was entitled as a priority expense of administration as of the date of the Proof of Claim. To the extent of any inconsistencies between the claims and amounts identified in the Proof of Claim as priority expenses of administration, and asserted in this Administrative Claim, this Administrative Claim shall control. As set forth in the Proof of Claim, to the extent the amounts set forth in this Administrative Claim, or any portion thereof, are not allowed and paid as priority administrative expense claims, such claims and amounts are asserted in the alternative as general unsecured claims, and to the extent allowed and paid as priority administrative claims, such payments would reduce the claim amounts asserted in the alternative as a general unsecured claim in the Proof of Claim to the extent of such payments.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the "Proof of Claim", as hereinafter defined, and in the "Plan", as hereinafter defined.

3. Cedot hereby asserts, reserves, and preserves all claims, rights, and interests whether arising under contract, statute, common law, other law, equity, or otherwise, and whether contingent or fixed, liquidated or unliquidated, or otherwise, against Lerner New York, Inc. in the bankruptcy case assigned case number 20-18448 ("**Lerner**", "**Tenant**", or the " **Debtor**"), as jointly administered with the cases of its affiliates, including RTW Retailwinds, Inc. under case no. 20-18445 (JKS) (collectively, the "**Debtors**" and the "**Bankruptcy Cases**", as applicable) pending in the United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"), and jointly and severally against each of the Debtors in each of the Bankruptcy Cases. In an abundance of caution, this Administrative Payment Request will be filed on the dockets of both Lerner and the Debtors, but to be clear they are one and the same administrative expense claim.

4. By order dated December 10, 2020, on December 11, 2020, the Bankruptcy Court entered the "Findings of Fact, Conclusions of Law, and Order Confirming the Joint Plan of Liquidation of RTW Retailwinds, Inc. and Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code" [Docket No.690 ] (the "**Confirmation Order**") Confirming the Joint Plan of Liquidation of RTW Retailwinds, Inc. and Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 390] (as further modified, supplemented and amended including all attachments and exhibits thereto, the "**Plan**"). This Administrative Claim is being asserted in compliance with the Confirmation Order and the Plan.

## II. THE LEASE

5. Cedot is successor in interest to Carlton Properties, Inc., as landlord, to the lease agreement dated January 15, 1955, as subsequently amended on January 31, 1995, October 18, 2004, and September 30, 2014 (collectively, the "**Lease**"[2]), under which Lerner, as tenant and

---

[2] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Proof of Claim.

2

successor in interest to New York Lerner Company, Inc., leased the real property known as 57-23 and 57-25 Myrtle Avenue and 912-914-916 Onderdonk Avenue, Ridgewood, Queens, New York, 218 First Avenue, New York, NY 10009 (the "**Premises**"). A copy of the Lease is appended to the Proof of Claim (and is incorporated herein for such purpose and copies of the Lease will be supplied upon request).

6.    The Debtor occupied and operated a retail store on the Premises. The Lease is a "net lease" and the terms of the Lease provide, *inter alia*, that the Debtor shall be responsible for, among other things, the payment of a minimum annual rent and additional rent, including, but not limited to, taxes, water, sewer, or other charges and assessments, foreseen and unforeseen, general, or special, as well as for utilities, light, heat, electricity, and gas. The Debtors' obligations pursuant to the Lease are more fully set forth in the Proof of Claim (which is incorporated herein for such purpose). The Lease was rejected effective September 30, 2020 pursuant to the Order of the Bankruptcy Court dated October 16, 2020, Docket No. 471.

### III.    ADMINISTRATIVE CLAIM/ ADMINISTRATIVE EXPENSE AMOUNT

7.    The Debtor continued to use and occupy the Premises for the time period between the Petition Date and the date on which it surrendered and rejected the Lease effective September 30, 2020 (the "**Administrative Expense Period**"). Accordingly, in addition to the general unsecured pre-petition and lease rejection damages claims asserted in the Proof of Claim, Cedot asserts this Administrative Claim. This Administrative Claim, asserted in the amount of no less than $79,884.00, plus additional interest, costs, and expenses accruing thereon until paid, is asserted herein as an administrative expense for obligations due, owing, and accruing under the Lease relating to the Administrative Expense Period under and pursuant to section 503(b) of the Bankruptcy Code entitled to priority under section 507(a)(2) of the Bankruptcy Code, and

alternatively pursuant to section 365(d)(3) of the Bankruptcy Code (the "**Administrative Expense Amount**").[3] This Administrative Claim remains subject to possible adjustments and amendments as additional information is obtained by Cedot. Such stated amount is in no way a cap, limitation, or waiver as to any claim, right, or interest asserted by Cedot. To the extent the Administrative Claim Amount or any portion thereof is not afforded administrative priority status, it is asserted in the alternative as a general unsecured claim. To the extent paid as an administrative claim, it would reduce such amounts asserted in the alternative as a general unsecured claim in the Proof of Claim.

### IV.  CALCULATION OF ADMINISTRATIVE CLAIM

The calculation and documentation of Cedot's Administrative Claim is set forth in Schedule "A" hereto.

### V.  RESERVATION OF RIGHTS

8.      This Administrative Claim is filed with a full reservation and preservation of Cedot's claims, interests, rights, defenses, and remedies, including without limitation:

(a) to amend, clarify and/or supplement this Administrative Claim at any time and in any respect, including without limitation, as necessary or appropriate to amend, quantify or correct amounts, to add or amend categories of payments or liabilities;

(b) to assert in addition to the Administrative Expense Amount, other and further amounts and claims to which Cedot may be entitled and may be due on account of contingent and/or unliquidated amounts under the Lease or otherwise;

(c) to assert claims for any breaches of the Lease and/or the impairment of any of Cedot's rights or interests, including property interests, in the Bankruptcy Cases or otherwise, as

---

[3] The Plan provides this definition in relevant part: "Administrative Claim" …any Claim against the Debtors or their Estates for costs and expenses of administration pursuant to sections 503(b), 507(a)(2), 507(b), or 1114(e)(2) of the Bankruptcy Code, including: (a) the actual and necessary costs and expenses incurred after the Petition Date and through the Effective Date of preserving the Estates and operating the businesses of the Debtors (**such as** wages, salaries, or commissions for services and **payments for** goods and other services and **leased premises**) and….." (Emphasis added).

4

well as for interest, fees, expenses, professional fees, and other charges relating to the Lease or otherwise;

(d) to assert this claim, or other and further claims as a secured claim to the extent secured, as a priority claim to the extent accorded priority under the Bankruptcy Code or applicable law, and/or as an administrative expense claim to the extent arising post-petition or on account of post-petition provision of services or goods, or to the extent otherwise accorded administrative expense status under the Bankruptcy Code;

(e) to assert all rights of setoff and recoupment whether arising under the Lease, statute, common law, other law, equity, or otherwise;

(f) to assert all lien rights and security interests whether arising under the Lease, statute, common law, other law, equity, or otherwise; provided however to the extent its claim is not secured, subject to setoff or recoupment, or entitled to priority or administrative expense status, Cedot asserts such claim as a general unsecured claim;

(g) to assert additional, modified, supplementary and/or amended proofs of, and requests for payment of, Administrative Claims, or to withdraw this Administrative Claim;

(h) to assert additional claims based upon any as yet unidentified post-petition breaches of the Lease;

(i) to request payment of administrative expenses based on, among other things (and without limitation), events, information, and/or documents obtained from the Debtors in the Bankruptcy Cases or third parties through discovery or otherwise;

(j) to assert rights and/or claims against any non-Debtor or property other than the Debtor or the Debtor's property, including without limitation, as against third parties and other Debtors or the property of other Debtors in the Bankruptcy Cases;

5

(k) to assert claims and rights of and for indemnification and/or subrogation, including without limitation, for or on account of attorneys' fees and expenses;

(l) to assert Cedot's interest in any property, including property of the estate(s);

(m) to assert any cause of action against the Debtors in the Bankruptcy Cases not constituting a "claim" under 11 U.S.C. § 101(5);

(n) to amend this Administrative Claim to include, inter alia, claims for indemnification, reconciliations and other unpaid lease obligations;

(o) to seek payment under 11 U.S.C. §§ 365(d)(3) or 503(b), of any and all unpaid rent, real estate taxes, and reimbursement for damage to the leased premises and other amounts arising in or attributable to the period from and after the Petition Date; and

(p) to file such motions in the Bankrupty Court or other courts of competent jurisdiction, or seek such judicial intervention and relief as may be necessary, to compel payment of the Administrative Claim, and/or to otherwise protect the rights and interests of Cedot.

9. The filing of this Administrative Claim is not: (i) a waiver or release of any rights of Cedot against any person, entity, or property; (ii) consent by Cedot to the jurisdiction of this Court, or to its exercise of the judicial power or to its entry of final orders and judgments, with respect to the subject matter of this claim, any objections or other proceedings commenced with respect thereto or any other proceedings commenced in the Bankruptcy Cases or otherwise involving Cedot; or (iii) a waiver of the right of Cedot to move to withdraw the reference, or otherwise to challenge the jurisdiction of, or the exercise of the judicial power by, this Court with respect to the subject matter of this claim, any objections or other proceedings commenced with respect thereto or any other proceedings commenced in this case against, or otherwise involving, Cedot.

10. This Administrative Claim shall not be deemed to be a waiver of Cedot's right (1) to have final orders in non-core matters be entered only after a *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (iv) to any other rights claims, actions, defenses, setoffs, or rights of recoupment to which Cedot is or may become entitled in law, equity, all of which rights, claims actions, defenses, setoffs and recoupments Cedot expressly reserves.

## VI.  NOTICES

11. Notices regarding this Administrative Claim must be sent to each of the following (copies of all notices should also be sent by email to counsel for Cedot but such emails shall not independently constitute notice):

| | |
|---|---|
| Cedot Realty Corp. | Rosen & Associates, P.C. |
| c/o Rosedale Management Co. | Attorneys for Cedot Realty Corp. |
| Attn: Elizabeth Crane | Attn: Christine McCabe Dehney |
| 21 West 38th Street, 8th Floor | 4609 Bedford Boulevard |
| New York, NY 10018 | Wilmington, DE 19803 |

Phone numbers and email addresses for Attorneys for Cedot Realty Corp.:

Rosen & Associates, P.C. – (212) 223-1100

Christine McCabe Dehney – (302) 354-2166        cmccabedehney@rosenpc.com

John H. Drucker – (917) 862 2720        jdrucker@rosenpc.com.

**Schedule "A"**

**Calculation and Documentation of Administrative Claim of Cedot Realty Corp.**

SCHEDULE "A"
TO ADDENDUM TO REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE OF CEDOT REALTY CORP.***

CALCULATION OF ADMINISTRATIVE EXPENSE CLAIM

| | |
|---|---:|
| Base Rent [1]..........................................................................................$ | 0.00 |
| Real Estate Taxes, and Related Interest and Charges[2] ...................$ | 79,884.00 |
| Utilities[3] ................................................................................................$ | 0.00 |
| TOTAL                                                                                    $ | 79,884.00 |

1. Base rent for the post-petition period of 7/13/20 through 9/30/20 Lease Rejection Date has been paid.

2. Real Estate taxes and related charges for the post-petition period of 7/13/20 Petition Date through the 9/30/20 Lease Rejection Date = $73,106.40*, plus $6,777.68** for interest and charges for same period (see additional documentation annexed here, and as Exhibit 1 to the Proof of Claim). Additional interest and charges from and after 9/30/20 not included in calculation but continue to accrue until paid, and Cedot reserves the right to amend or supplement the amounts reflected herein.

   *Taxes and Charges: Real estate taxes for the period of 7/1/20 through 12/31/20 total $168,144.88; there are 184 days from 7/1/20 through 12/31/20; and 80 days from 7/13/20 through 9/30/20. The total amount of taxes for the period ($168,144.88) divided by the total number of days for the period (184), shows the daily tax of $913.83 which, multiplied by 80 days equals $73,106.40.

   **Interest and additional charges on account of unpaid Taxes accruing 7/1/20 through 9/30/20; 7/1/20 - 9/30/20 = 92 days; $7,794.33 divided by 92 = $84.72 per day x 80 days post-petition through the Lease Rejection Date (7/13/20-9/30/20) = $6,777.60 total, post-petition.

3. " Utilities" includes water, sewer, electricity and oil. No payment is due on account of Utilities for the Administrative Expense Period as of this date, however, Cedot reserves its right to assert a claim on account of utility payments due under the Lease as administrative expenses.

***Capitalized terms utilized in this Schedule shall, unless otherwise defined herein, have the meanings ascribed to them in the Addendum to which this Schedule is annexed.



<mark>Case 20-18448-JKS   Doc 17   Filed 12/30/20   Entered 12/30/20 21:41:14   Desc Main</mark>
<mark>Document      Page 15 of 34</mark>

# Property Tax Bill
# Quarterly Statement

Activity through June 6, 2020

**Owner name:** CEDOT REALTY CORP
**Property address:** 57-23 MYRTLE AVE.
**Borough, block & lot:** QUEENS (4), 03466, 0058

**Mailing address:**
NEW YORK AND COMPANY
330 W. 34TH ST. FL. 7
NEW YORK NY  10001-2406

| | |
|---|---|
| Outstanding Charges | $0.00 |
| New Charges | $168,144.88 |
| **Amount Due** | **$168,144.88** |

Please pay by July 1, 2020

PTS - LD
1400.01
41 - 0 - 4
107968

---



**PLEASE INCLUDE THIS COUPON IF YOU PAY BY MAIL OR IN PERSON  4-03466-0058**

**Pay Today The Easy Way**
**nyc.gov/payonline**

Total amount due by July 1, 2020 .................................................................................... $168,144.88
If you want to pay everything you owe by July 1, 2020 please pay ................................... $334,332.93

**Amount enclosed:** ☐

#930903520060601#

NEW YORK AND COMPANY
330 W. 34TH ST. FL. 7
NEW YORK NY  10001-2406

**Make checks payable & mail payment to:**
NYC Department of Finance
P.O. Box 680
Newark NJ  07101-0680

9309035200606  01  4034660058  0000016814488  0000033433293  200701112021000          7

**NYC Department of Finance**

Statement Details

June 6, 2020
Cedot Realty Corp
57-23 Myrtle Ave.
4-03466-0058
Page 2

| Previous Charges | Amount |
|---|---|
| Total previous charges including interest and payments | $0.00 |

| Current Charges | Activity Date | Due Date | Amount |
|---|---|---|---|
| Finance-Property Tax | | 07/01/2020 | $161,182.92 |
| Myrtle Avenue BID- Chg | | 07/01/2020 | $6,616.96 |
| Bldg-Signs- Chg 4S8900024 | | 07/01/2020 | $70.00 |
| Bldg-Signs- Chg 4S0009813 | | 07/01/2020 | $100.00 |
| Tax Commission Fee- Fee | | 07/01/2020 | $175.00 |
| **Total current charges** | | | **$168,144.88** |

| Tax Year Charges Remaining | Activity Date | Due Date | Amount |
|---|---|---|---|
| Finance-Property Tax | | 01/01/2021 | $161,182.92 |
| Myrtle Avenue BID- Chg | | 01/01/2021 | $6,616.96 |
| **Total tax year charges remaining** | | | **$167,799.88** |
| **If you want to pay everything you owe by July 1, 2020 please pay** | | | **$334,332.93** |
| If you pay everything you owe by July 1, 2020, you would save: | | | $1,611.83 |

**Annual Property Tax Detail**

| | Overall Tax Rate | | Taxes |
|---|---|---|---|
| Tax class  4 -  Commercial Or Industrial | | | |
| Current tax rate | 10.5370% | | |
| **Estimated Market Value   $7,478,000** | | | |
| **Billable Assessed Value** | $3,059,370 | | |
| **Taxable Value** | $3,059,370 x 10.5370% | | |
| **Tax Before Abatements and STAR** | $322,365.84 | | $322,365.84 |
| **Annual property tax** | | | **$322,365.84** |

For information about the interest rate charged on late payments, visit nyc.gov/taxbill.

---

### Home banking payment instructions:

1. **Log** into your bank or online bill pay website.
2. **Add** the new payee:  NYC DOF Property Tax.  Enter your account number, which is your boro, block and lot, as it appears here: 4-03466-0058 .  You may also need to enter the address for the Department of Finance.  The address is P.O. Box 680, Newark NJ 07101-0680.
3. **Schedule** your online payment using your checking or savings account.

### Did Your Mailing Address Change?

If so, please visit us at **nyc.gov/changemailingaddress** or call **311.**

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.





**Statement Details**

June 6, 2020
Cedot Realty Corp
57-23 Myrtle Ave.
4-03466-0058
Page 3

If you own income-producing property, you must file a Real Property Income and Expense (RPIE) statement or a claim of exclusion unless you are exempt by law. You must also file information about any ground or second floor commercial units on the premises, even if you are exempt from filing an RPIE statement. The deadline to file is July 1, 2020. RPIE filers whose properties have an actual assessed value of $750,000 or greater will be required to file an addendum containing rent roll information. The deadline to file this addendum is September 1, 2020. Failure to file will result in penalties and interest, which will become a lien on your property if they go unpaid. Visit www.nyc.gov/rpie for more information.

"The NYC Health Department would like to remind property owners that they must remove standing water, as mosquitos can breed in warm weather. For more information, please visit nyc.gov/health or call 311



09/30/2020

| Year | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2021 | | | 336,364.76 | | 0.00 | 7,794.33 | | 175.00 | 344,334.09 |
| Total: | | | 336,364.76 | | 0.00 | 7,794.33 | | 175.00 | 344,334.09 |

| Year | | Charge Type | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 2021 | 1 | BID | 56000 | 07/01/2020 | 6,616.96 | 0.00 | 307.05 | 0.00 | 6,924.01 |
| 2021 | 1 | SIGN | 40001 | 07/01/2020 | 70.00 | 0.00 | 3.25 | 0.00 | 73.25 |
| 2021 | 1 | SIGN | 40002 | 07/01/2020 | 100.00 | 0.00 | 4.64 | 0.00 | 104.64 |
| 2021 | 1 | TAX | | 07/01/2020 | 161,182.92 | 0.00 | 7,479.39 | 0.00 | 168,662.31 |
| 2021 | 1 | TXCM | 4034660058 | 07/01/2020 | 0.00 | 0.00 | 0.00 | 175.00 | 175.00 |
| 2021 | 3 | BID | 56000 | 01/01/2021 | 6,616.96 | 0.00 | 0.00 | 0.00 | 6,616.96 |
| 2021 | 3 | FIRE | | 01/01/2021 | 595.00 | 0.00 | 0.00 | 0.00 | 595.00 |
| 2021 | 3 | TAX | | 01/01/2021 | 161,182.92 | 0.00 | 0.00 | 0.00 | 161,182.92 |
| Total: | | | | | 336,364.76 | 0.00 | 7,794.33 | 175.00 | 344,334.09 |

To make a payment, visit www.nyc.gov/payonline.
Payments made today are not reflected in the balances above.